**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4523**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

JAMES DEAN HAM,

                    Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Statesville.  Kenneth D. Bell, District Judge.  (5:05-cr-00006-KDB-DSC-1)

Submitted:  September 23, 2020                    Decided:  October 6, 2020

Before NIEMEYER and RICHARDSON, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Eric Anthony Bach, Charlotte, North Carolina, for Appellant.  R. Andrew Murray, United States Attorney, Charlotte, North Carolina, Amy E. Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James D. Ham appeals the 37-month sentence imposed upon revocation of his supervised release. On appeal, Ham argues only that the revocation sentence was procedurally unreasonable because the district court failed to explain its decision to impose a sentence consecutive to the sentence for Ham's new criminal convictions. We affirm.

"A district court has broad discretion when imposing a sentence upon revocation of supervised release." *United States v. Webb*, 738 F.3d 638, 640 (4th Cir. 2013). "We will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable." *Id.* (internal quotation marks omitted). In reviewing revocation sentences, "we first must determine whether the sentence is procedurally or substantively reasonable," evaluating the same general considerations employed in our review of original sentences. *United States v. Slappy*, 872 F.3d 202, 207 (4th Cir. 2017). "A revocation sentence is procedurally reasonable if the district court adequately explains the chosen sentence after considering the Sentencing Guidelines' nonbinding Chapter Seven policy statements and the applicable 18 U.S.C. § 3553(a) factors." *Slappy*, 872 F.3d at 207 (footnote omitted). If we find a sentence unreasonable, then we proceed to determine whether it is "plainly" so. *Webb*, 738 F.3d at 640. We have thoroughly reviewed the record and conclude that Ham's plea agreement provided that the revocation sentence was to run consecutive to the term imposed on the new criminal convictions, and the sentence is not plainly unreasonable.

Therefore, we affirm the revocation judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*